TRINETTE G. KENT (State Bar No. 222020)
Of Counsel in Arizona and California
Lemberg Law, LLC
Four Embarcadero Center
Suite 1400
San Francisco, California, 94111
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Sergei Lemberg (*phv* application to follow) (CT Bar. No. 425027)
Stephen Taylor (*phv* application to follow) (CT Bar. No. 428505)
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: slemberg@lemberglaw.com
E-mail: staylor@lemberglaw.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

David Meske, *on behalf of himself and all others similarly situated*,

Plaintiff,

vs.

Comenity LLC,

Defendant.

Case No.:

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**

**JURY TRIAL DEMANDED**

For his Class Action Complaint, Plaintiff, David Meske, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, David Meske ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Comenity LLC ("Comenity" or "Defendant"). Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Comenity is an Ohio-based corporation which "manage[s] more than 125 credit programs for many of the top retailers in the U.S." See http://about.comenity.net/about/company (last visited Oct. 17, 2016). It advertises that "over 40 million customers carry a credit card or account offered by one of our banks." See http://about.comenity.net/about (last visited Oct. 17, 2016).

3. Plaintiff does not carry a credit card or account offered by Comenity and does not otherwise participate in any of the credit programs that Comenity manages.

4. Nevertheless, for the last year, Plaintiff has received automated calls to his cellular telephone from Comenity regarding some other unknown individual. Plaintiff did not provide Comenity his cell phone number or prior express consent to be contacted there. Moreover, Plaintiff requested that Comenity cease calling him on

multiple occasions. Comenity ignored Plaintiff's requests and continued calling him. He brings this lawsuit on behalf of himself and like-situated consumers for Comenity's straightforward violations of the TCPA.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is and at all times mentioned herein was an individual person residing in Goleta, California.

6. Comenity is an Ohio corporation with an address of P.O. Box 182273, Columbus, Ohio 43218-2273.

7. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

8. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides here and a substantial part of the events giving rise to the claim occurred here.

## FACTS RELATED TO PLAINTIFF

9. In the last four years, Comenity placed automated telephone calls to Plaintiff on his cellular telephone at telephone number 601-XXX-4256 regarding another individual, "Camillia Pearson," who Plaintiff does not know.

10. Comenity called Plaintiff from telephone numbers 855-497-8151, 855-497-8174, and 855-334-4197.

11. At all times mentioned herein, Comenity called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).

12. When Plaintiff answered the calls from Comenity, he heard an extended period of silence before the calls would be routed to a live agent. This is indicative of Comenity's use of a "predictive dialer," an autodialer under the TCPA.

13. Plaintiff does not own a credit card or account serviced by Comenity. Nor has Plaintiff ever inquired about Comenity's services. Plaintiff did not give his telephone number to Comenity or permit anyone else to do so. Plaintiff did not provide prior express consent to Comenity to autodial his cellular telephone. Accordingly, the automated calls placed by Comenity to Plaintiff were in violation of 47 U.S.C. § 227(b)(1)(A).

14. On at least one occasion, Plaintiff placed a telephone call to Comenity, informed Comenity that it was calling the wrong number, and requested that Comenity cease calling.

15. Nevertheless, Comenity's automated calls continued.

16. Plaintiff was annoyed, frustrated, distracted, distressed and inconvenienced by Comenity's calls. Plaintiff received calls during work, causing him to lose focus and productivity.

17. Comenity's calls invaded Plaintiff's privacy by interrupting Plaintiff, including waking Plaintiff from sleep on at least one occasion.

18. Plaintiff's inability to get the calls to stop, even through explicit request to Comenity, caused Plaintiff further frustration and emotional drain.

19. Plaintiff's time was wasted answering Comenity's calls Plaintiff neither asked for nor wanted.

20. Moreover, the calls caused Plaintiff tangible harm. Defendant's calls caused Plaintiff's cell phone battery to deplete, resulting in Plaintiff recharging the battery more often and incurring additional electricity charges. Plaintiff charged his cell phone at home, where he pays for electricity.

21. The telephone number called by Comenity was and is assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Comenity to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ALLEGATIONS

### A. The Class

23. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following classes (the "Classes"):

**<u>TCPA Class:</u> (1) All persons in the United States (2) to whose cellular telephone number (3) Comenity placed a non-emergency telephone call (4) using an autodialer or a prerecorded voice (5) within four years of the complaint.**

**<u>Revoke Class:</u> (1) All persons in the United States (2) to whose cellular telephone number (3) Comenity placed a non-emergency telephone call (4) using an autodialer or a prerecorded voice (5) within four years of the complaint (6) after said person requested Comenity cease calling.**

24. Plaintiff represents and is a member of the Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

**B. <u>Numerosity</u>**

25. Plaintiff does not know the exact number of members in the Classes, but based upon the size and national scope of Comenity and the automated nature of the calls, Plaintiff reasonably believes that the Classes number is in the thousands.

26. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a

multiplicity of identical suits. The Classes can be identified easily through records maintained by Defendant.

C. **Common Questions of Law and Fact**

27. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

i. Whether Comenity engaged in a pattern of using an autodialer to place calls to cellular phones;

ii. Whether Comenity had prior express consent to place the calls; and

iii. Whether Comenity willfully violated the TCPA.

28. The common questions in this case are capable of having common answers. If Plaintiff's claim that Comenity routinely places automated calls to telephone numbers assigned to cellular telephone services without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

D. **Typicality**

29. As a person who received automated telephone calls from Comenity on his cellular phone without having given prior express consent, and who advised

Comenity to cease calling, Plaintiff asserts claims that are typical of the members of the Classes.

**E. Protecting the Interests of the Class Members**

30. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F. Proceeding via Class Action is Superior and Advisable**

31. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Comenity is small because it is not economically feasible for Class members to bring individual actions.

32. Management of this class action is unlikely to present any difficulties. Courts have routinely certified classes in TCPA actions. These cases include, but are not limited to: Bee, Denning, Inc. v. Capital All. Grp., 310 F.R.D. 614, 630 (S.D. Cal. 2015) (granting TCPA class certification and finding that "[w]ithout the prospect of a class action suit, corporations balancing the costs and benefits of violating the TCPA are unlikely to be deterred because individual claims will not impose the level of liability that would outweigh the potential benefits of violating the statute"); Silbaugh

v. Viking Magazine Servs., 278 F.R.D. 389, 394 (N.D. Ohio 2012); Siding & Insulation Co. v. Beachwood Hair Clinic, Inc., 279 F.R.D. 442, 446 (N.D. Ohio 2012); Krakauer v. Dish Network L.L.C., 311 F.R.D. 384, 400 (M.D.N.C. 2015); Birchmeier v. Caribbean Cruise Line, Inc., 302 F.R.D. 240, 256 (N.D. Ill. 2014).

33. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Plaintiff brings this claim on behalf of himself and the Classes.

36. Comenity made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

37. Comenity has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

38. Each of the aforementioned calls by Comenity constitutes a violation of the TCPA.

39. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

41. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant used an autodialer; and
- Defendant placed calls to the Plaintiff and the Class without prior express consent.

**COUNT II – WILLFUL VIOLATIONS OF THE TCPA**

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. Plaintiff brings this claim on behalf of himself and the Classes.

44. Comenity made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

45. Comenity has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

46. Each of the aforementioned calls by Comenity constitutes a willful violation of the TCPA.

47. Plaintiff and Class members are entitled to an award of up to $1,500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

48. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

49. Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully used an autodialer on calls to Plaintiff and the Classes;
- Defendant knowingly and/or willfully obtained the telephone numbers of non-customers;

- Defendant willfully placed automated calls to non-customers such as Plaintiff and the Classes, knowing it did not have prior express consent to do so;
- It is Defendant's practice and history to place automated telephone calls to non-consumers without their prior express consent; and
- It is Defendant's practice and history to ignore consumers' requests that Comenity cease autodialing their cellular telephone numbers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Comenity as follows:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C. Declaratory relief as prayed for herein; and

D. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: November 1, 2016

TRINETTE G. KENT

By: */s/ Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, David Meske